IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGAL LAGER, INC.,

        Petitioner,

v.

THE BABY CLUB OF AMERICA, INC.
and BABYAGE.COM, INC.,

        Respondents.

CIVIL ACTION NO.
1:06-CV-0962-JEC

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 20 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

### ORDER & OPINION

This case is presently before the Court on Petitioner's Motion to Compel Arbitration [1], Respondents' Motion to Dismiss Under Rule 12(b)(1) [3], Petitioner's Conditional Motion for Leave to Amend Petition [5], and Petitioner's Motion Requesting a Ruling on Petition to Compel Arbitration and Related Motions [17]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Petitioner's Motion to Compel Arbitration [1] should be **GRANTED**, Respondents' Motion to Dismiss Under Rule 12(b)(1) [3] should be **DENIED**, Petitioner's Conditional Motion for Leave to Amend Petition [5] should be **GRANTED**, and Petitioner's Motion Requesting a Ruling [17] should be **DENIED**.

## BACKGROUND

On February 28, 2006, respondents filed an action against petitioner in the Eastern District of Pennsylvania, alleging violations of the Sherman Antitrust Act. (Br. in Supp. of Petition to Compel Arbitration ("Petition to Compel") [1] at 1-2.) In its Answer to the Pennsylvania Action, petitioner asserted that the dispute was subject to arbitration by agreement of the parties. (*Id.* at 2.) Petitioner subsequently filed this petition under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4 (2006), to compel arbitration of the dispute.[1] (*Id.* at 1.)

Respondents have filed a motion to dismiss the petition for lack of jurisdiction. (Respondents' Mot. to Dismiss [3].) Petitioner has responded with a motion to amend its petition to assert an additional ground of jurisdiction. (Petitioner's Mot. to Amend [5].) Respondents' motion to dismiss and petitioner's motion to amend are presently before the Court, in addition to petitioner's motion to compel arbitration.

---

[1] Petitioner filed the petition in the Northern District of Georgia because the parties' arbitration agreement states that the arbitration "shall take place in Marietta, Georgia." (Agreement at § V, attached to Petition [1] at Ex. 3.) *See Econo-Car Int'l, Inc. v. Antilles Car Rentals, Inc.*, 499 F.2d 1391, 1394 (3rd Cir. 1974)(explaining that § 4 of the FAA requires arbitration "within the district in which the petition for an order directing such arbitration is filed").

**DISCUSSION**

I. **Petitioner's Motion to Amend**

Petitioner initially asserted that its petition was properly before the Court on grounds of federal question jurisdiction, as the underlying dispute between the parties arises out of the Sherman Act. (Petition [1] at ¶ 4.) Petitioner has now filed a motion for leave to amend its petition to allege facts sufficient to support diversity jurisdiction. (Petitioner's Mot. to Amend [5] at 2-3.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218. Courts generally should not deny leave to amend "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Jennings v. BIC Corp.*, 181 F.3d 1250, 1258 (11th Cir. 1999).

In this case, there is no valid reason for denying petitioner's motion for leave to amend. There clearly is no undue delay, as petitioner submitted the motion less than a month after filing its initial petition, and promptly after receiving a response to the petition. (*See* Petition [1] and Mot. to Amend [5].) This is

petitioner's first attempt to amend the petition, and there is no evidence of bad faith or dilatory motive. The amendment would not be futile, as it establishes the factual basis for diversity jurisdiction. And, finally, respondents do not argue that they will be unduly prejudiced by the amendment. (See Respondents' Br. in Response to Mot. to Amend [8].)

Respondents' insistence that the Court "must adjudicate [their] Rule 12(b)(1) motion before reaching [petitioner's] motion to amend," then dismiss the action and require petitioner to initiate a new action if the motion is granted, is contrary to the text of Rule 15(a) and Eleventh Circuit caselaw interpreting the Rule. See, e.g., Loggerhead Turtle v. County Council of Volusia County, 148 F.3d 1231, 1257 (11th Cir. 1998)(finding that the district court abused its discretion in denying leave to amend without a sufficient reason). Petitioner's proposed amendment is in the interest of justice, and is warranted under Rule 15(a). Accordingly, petitioner's motion for leave to amend is **GRANTED**.

## II.  Respondent's Motion to Dismiss

Respondents urge the Court to dismiss the petition for lack of jurisdiction. (Mot. to Dismiss [3].) As noted, petitioner initially argued that the Court had jurisdiction under 28 U.S.C. § 1331 because the underlying dispute between the parties, founded on the Sherman Act, raises a federal question. (Petition [1] at ¶ 4.) In its

4

motion to dismiss, respondents contend that the Court is not permitted to consider the underlying dispute in determining whether there is jurisdiction. (Mot. to Dismiss [3] at 3-5.) As the petition itself does not raise a federal question, and the FAA does not provide an independent ground of jurisdiction,[2] respondents argue that the Court does not have jurisdiction under § 1331. (*Id.*)

Having granted petitioner's motion to amend, respondents' argument about federal question jurisdiction is academic. It is apparent from the Amended Petition that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Amended Petition [5] at ¶ 5.) Indeed, respondents do not deny that diversity jurisdiction exists in this case. (*See* Respondents' Br. in Response to Mot. to Amend [8].) It is apparently undisputed that the parties reside in different states, and that the amount in controversy exceeds $75,000.00. (*Id.*) Respondents merely argue that the Court must first decide whether there is federal question jurisdiction and, if not, dismiss the case without considering the alternative ground of diversity jurisdiction.

---

[2] *See Peebles v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 431 F.3d 1320, 1325 (11th Cir. 2005)("The Federal Arbitration Act does not confer subject matter jurisdiction over petitions to vacate arbitration awards, nor does it create independent federal question jurisdiction.") and *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)("the FAA does not confer subject matter jurisdiction on federal courts. Instead, federal courts must have an independent jurisdictional basis to entertain cases arising under the FAA.").

AO 72A
(Rev.8/82)

(*Id.*)  As discussed, the Court declines to take this approach, which would be an extremely inefficient use of judicial resources.  It is apparent from the Amended Petition that the Court has diversity jurisdiction over this case under § 1332.  Accordingly, respondents' Rule 12(b)(1) motion to dismiss is **DENIED**.[3]  *Accord Tuscano v. Evening Journal Ass'n,* 179 Fed. Appx. 621, 625 (11th Cir. 2006)("Because [respondent] did not contest that the instant action involved citizens of different states, and because the amount in controversy, at least as reflected on the face of Tuscano's complaint, exceeded $75,000, diversity jurisdiction existed.").

### III. Petitioner's Motion to Compel Arbitration

Petitioner seeks to compel arbitration under § 4 of the FAA.

---

[3] The Court notes that there appears to be federal question jurisdiction in any event.  The parties agree that the Pennsylvania action raises a federal question.  (*See* Petitioner's Resp. to Mot. to Dismiss [4] at 2.)  Although the circuit courts disagree on the issue, the Eleventh Circuit has suggested that it is appropriate to consider the underlying dispute to determine whether there is federal question jurisdiction.  *See Tamiami Partners, Ltd. v. Miccosukee Tribe,* 177 F.3d 1212, 1223 n.11 (11th Cir. 1999) (finding it "appropriate . . . to 'look through' [an] arbitration request at the underlying . . . dispute in order to determine whether [the] complaint states a federal question") and *Discover Bank v. Vaden,* 396 F.3d 366, 367 (4th Cir. 2005) (citing *Tamiami* and holding that "when a party comes to federal court seeking to compel arbitration, the presence of a federal question in the underlying dispute is sufficient to support subject matter jurisdiction").  *But see, Westmoreland Capital Corp. v. Findlay,* 100 F.3d 263, 264 (2d Cir. 1996) (concluding that an FAA petition which "does not allege an adequate independent basis for federal question or diversity jurisdiction [is] properly dismissed . . . for lack of subject matter jurisdiction").

6

(Amended Petition [5] at ¶ 13.)  Section 4 provides that:

> [a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (2006).  Petitioner contends that respondents agreed to arbitration by entering into the "Regal Lager Authorized Dealer Agreement."  (*See* Br. in Supp. of Petition [1] at 2; Authorized Dealer Agreement ("Agreement"), attached to Petition [1] at Ex. 3.)

Respondents do not deny that their agreement with petitioner contains an arbitration clause.  (*See* Br. in Opp. to Petition [2].)  The clause, entitled "Applicable Law and Arbitration," states that:

> This Agreement shall be governed and construed in accordance with the laws of the State of Georgia, without reference to conflicts of law principles.  In the event of any dispute or litigation arising out of or relating to this Agreement or the relationship of the Company and Dealer, Dealer hereby irrevocably consents to have the disputes arbitrated before one (1) arbitrator when the sum involved is $20,000 or less and before three (3) arbitrators in all other cases.  The arbitration shall take place in Marietta, Georgia and be conducted under the Rules of the American Arbitration Association.  Notwithstanding the foregoing, the Company may proceed against Dealer in any jurisdiction or court.  Dealer waives personal service of any summons, complaint or other process and agrees that service may be made by certified mail addressed to Dealer at its address on the records of the Company, or by any other manner permitted by applicable law.

(Agreement at 3.)  According to respondents, however, the arbitration

clause is void for lack of mutuality, and should not be enforced. (Br. in Opp. to Petition [2] at 5-10.)

Before addressing the merits of respondents' argument, the Court must determine who should decide whether the arbitration clause is void: the court or an arbitrator. *See Buckeye Check Cashing, Inc. v. Cardegna,* 126 S.Ct. 1204, 1207 (2006)(deciding as a preliminary matter "whether a court or an arbitrator should consider the claim that a contract containing an arbitration provision is void for illegality"). The Supreme Court has established the following default rule: a court should ordinarily resolve a claim that the arbitration clause is itself invalid, whereas an arbitrator should resolve a claim that the entire contract is invalid. *Id.* at 1208. *See also Jenkins v. First Am. Cash Advance of Georgia, LLC,* 400 F.3d 868, 876-77 (11th Cir. 2005) ("[I]f the claim is [illegality] of the arbitration clause itself . . . the federal court may proceed to adjudicate it. But the [FAA] does not permit the federal court to consider claims of [illegality] of the contract generally.").

The Supreme Court has also repeatedly stressed, however, that "arbitration is simply a matter of contract between the parties." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943 (1995). The parties may therefore overcome the default rule by "agree[ing] to submit the arbitrability question itself to arbitration." *Id.* Courts must enforce such an agreement if it is supported by "clear

and unmistakable evidence" of the parties' intent. *Id.* at 944. *See also Terminix Int'l Co. v. Palmer Ranch*, 432 F.3d 1327, 1331 (11th Cir. 2005)("the question 'whether the parties have a valid agreement at all' is for the court, not the arbitrator, to decide . . . in the absence of 'clear and unmistakable evidence' that the parties intended the arbitrator to rule on the validity of the arbitration agreement itself") (citing *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)).

Respondents claim that the arbitration clause itself lacks mutuality, an issue that the Court would typically resolve under the default rule. *See Buckeye Check Cashing*, 126 S.Ct. at 1208. However, the parties' arbitration agreement specifically incorporates the rules of the American Arbitration Association ("AAA"). (*See* Agreement at 3 (requiring that "[t]he arbitration shall . . . be conducted under the Rules of the American Arbitration Association").) Rule 7(a) of the AAA Rules provides that "the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *See* Am. Arbitration Ass'n Commercial Arbitration Rule 7(a), http://www.adr.org/sp.asp?id=22440#R7 (last visited November 17, 2006). The Eleventh Circuit recently held that incorporating the AAA rules, including Rule 7(a), evinces an intent to arbitrate the issue of arbitrability. *Terminix*, 432 F.3d at 1332.

As the *Terminix* Court explained:

> By incorporating the AAA Rules, including Rule [7], into their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid.

*Id.*

Under the reasoning of *Terminix,* the parties in this case "have contracted around [the] default rule" concerning who--a court or an arbitrator--should resolve respondents' claim that the arbitration clause is invalid. *Id.* at 1333. Accordingly, the Court is not the proper entity to decide whether the parties' arbitration clause should be enforced. Under the terms of the parties' Agreement, an arbitrator should determine whether the arbitration clause is invalid for lack of mutuality. The Court therefore **GRANTS** petitioner's Motion to Compel Arbitration [1] and **ORDERS** respondents to submit to arbitration according to the terms of the Agreement.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion to Compel Arbitration [1], **DENIES** Respondents' Motion to Dismiss Under Rule 12(b)(1) [3], **GRANTS** Petitioner's Conditional Motion for Leave to Amend Petition [5], and **DENIES** Petitioner's Motion Requesting a Ruling on Petition to Compel Arbitration [17].

SO ORDERED, this 20 day of November, 2006.

                                      /s/ Julie Carnes
                                      JULIE E. CARNES
                                      UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)